UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD PANUSKI, | Case No. 1:15-CV-00600-EJL |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| MASSMUTUAL IDAHO, | |
| Defendant. | |

## INTRODUCTION

Before the Court in the above-entitled matter is Defendant's Partial Motion to Dismiss. The extended deadline for responsive briefing has passed and the matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this Motion shall be decided on the record before this Court without oral argument.

MEMORANDUM DECISION AND ORDER

## FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise noted, the following facts are taken from Defendant's Partial Motion to Dismiss (Dkt. 8). Plaintiff Donald Panuski ("Plaintiff") was a sales manager for MassMutual Idaho ("Defendant"), but parties dispute whether Panuski was an employee. Plaintiff alleges that he was terminated in August, 2014, on the basis of his age.

Plaintiff has brought this action against Defendant, asserting: (1) breach of contract ("Count I"); (2) breach of the implied covenant of good faith and fair dealing ("Count II"); (3) termination on the basis of age under the federal Age Discrimination in Employment Act ("ADEA") and the state Idaho Human Rights Act ("IHRA") ("Count III"); and (4) termination in violation of public policy ("Count IV"). Defendant has filed the instant Partial Motion to Dismiss for Plaintiff's failure to state a claim for which relief can be granted in Count IV. Plaintiff has since filed two stipulations to extend the deadline for response, both of which were granted by the Court. (Dkt. 11-12, 13-14.) Despite the Court's allowance of both extensions, resulting in a May 30, 2016 deadline, Plaintiff has failed to file a response to Defendant's Partial Motion to Dismiss. The Court accordingly finds as follows.

## STANDARD OF REVIEW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50; *see also Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to

defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

## ANALYSIS

As Defendant notes, Idaho law does not recognize public policy claims for conduct that is covered by a statute that already provides a remedy. In *Van v. Portneuf Med. Ctr.*, for instance, the Idaho Supreme Court dismissed a similar public policy claim, explaining, "when the relevant public policy is contained in a statute and the statute provides a remedy, the common law cause of action of wrongful discharge is not available." 212 P.3d 982, 991 (Idaho 2009) (citing 82 Am. Jur. 2d, *Wrongful Discharge* § 62 (2009)). In other words, when the Legislature enacts legislation that provides a remedy, the statutory cause of action displaces common law causes of action based on the same facts and allegations. *Id.* "To hold otherwise would allow plaintiffs to recover twice for the same underlying facts." *Id.*

Here, Defendant argues Count IV of the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the claim is based on the exact allegations that form the basis for Plaintiff's ADEA and IHRA claims. Specifically, Count III alleges wrongful termination on the basis of age in violation of the ADEA and IHRA, and Count IV relies on the same facts to allege wrongful termination in violation of public policy. As Defendant notes, the ADEA and

IHRA are comprehensive statutes that already provide specific remedy for age discrimination. *See, e.g.,* Idaho Code § 67-5908(3); 29 U.S.C. § 626(b). Thus, the Court finds that Plaintiff's public policy claim (Count IV) is subsumed by his ADEA and IHRA claims (Count III).

Plaintiff has failed to file a response to Defendant's Partial Motion to Dismiss, and thus has not disputed that Judgment should be entered for Defendant on Count IV.

The Court accordingly grants Defendant's Motion to Dismiss the Count IV claim of wrongful termination in violation of public policy.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Partial Motion to Dismiss (Dkt. 8) is **GRANTED**.

DATED: June 28, 2016

Edward J. Lodge
United States District Judge